Jasen, J.
On this direct appeal, appellants in each of these cases attack the constitutionality of section 138-b of the Election Law which provides that no candidate for an office, other than a judicial or State-wide office, shall be eligible to receive the *51 nomination and to appear on the ballot as the candidate of both a party[1] and an independent body[2].
After receiving the nomination of the Republican Party for separate public offices[3], each of the appellants was nominated by independent groups for the same office. Proceedings were instituted to invalidate and declare null and void the independent petitions filed with the Albany County Board of Elections upon the ground that section 138-b bars the independent nominations.
Supreme Court, Albany County, agreed and declared each of the independent petitions null and void.
We conclude that section 138-b is unconstitutional and, therefore, the orders appealed from should be reversed.
There can be no doubt about the authority of the Legislature to enact reasonable laws and regulations for the conduct of primary and general elections. Such laws, of course, may control the manner of preparation of the ballot, so long as they do not prevent a qualified elector from exercising his constitutional right to vote for a candidate and party of his choice. On the other hand, it is equally also well “ settled law from the earliest period in the history of our state that [the Legislature] cannot enact arbitrary exclusions from office.” (Matter of Callahan, 200 N. Y. 59, 61.)
The section in question provides, in part, that “ [a]ny candidate who has received and accepted the nomination of a party, for an office other than judicial or statewide shall not be eligible to receive the nomination of any independent group for the same *52 office for the same year.” This section was added to the Election Law as an outgrowth of section 248 of the Election Law, which was amended by the same act. (L. 1971, ch. 1179.)
Prior to the amendment of section 248 and the enactment of section 138-b, a candidate receiving the cross nominations of a party and an independent group would have his name appear in two separate columns or rows on the ballot, indicating his nomination by the party as well as the independent group. Where, however, a candidate received the nomination of two or more parties, his name would not be placed on the ballot in a separate row or column as the independent nominee, but, instead, the symbol or emblem of the independent group would be included with his name in the row or column of one of the parties where his name already appeared.
Now, under section 138-b, a candidate receiving the nomination of a party for ati office other than judicial or State-wide, ‘ ‘ shall not be eligible to receive the nomination of any independent group for the same office for the same year.”
The appellants, as Republican Party candidates for public office, are deemed ineligible to receive and accept the nomination of an independent group, thereby preventing them from having their names listed on the ballot as nominees of an independent group. The statute, however, does not bar their opponents in the general election, nominees of both the Democratic and Conservative Parties, from having their names appear in two separate rows or columns for the same office. Surely, there can be no lawful or rational justification for a statute that allows one candidate to accept the nominations from two different political groups, while at the same time denying another candidate for the same office the same opportunity.
As we so prophetically stated in Callahan (208 N. Y., at p. 61) in invalidating á similar legislative enactment, “ What exclusion could be more arbitrary than that one party or organization should not be permitted to nominate the candidate of another.” There can be little doubt that the statute, as it now reads, grants an obvious advantage to a candidate who receives and accepts the nomination of more than one party, as his name will appear on the ballot under the emblem of each party nominating him while another candidate, who accepts the nomination of only one party or independent organization, is prevented from *53 accepting the nomination of more than one party or organization. The grant of such an advantage to certain candidates, while denying the same privilege to others, represents a denial of the equal protection of our laws.
Although the respondents urge that the statute was designed to prevent the major parties from pre-empting the ballot to the . exclusion of valid independent groups, no support for this conclusion is offered. As a matter of fact, the contrary could be inferred, considering the statute was introduced as a bipartisan measure without any explanation or comment.
Accordingly, we reverse the judgments of the Supreme Court and declare section 138-b of the Election Law unconstitutional as being violative of both the Federal and State Constitutions (U. S. Const., 14th Amdt.; N. Y. Const., art. I, § 11).
Chief Judge Fuld and Judges Burke, Gabrielli, Jones and Wachtler concur; Judge Breitel taking no part.
In each case: Judgment reversed, without costs, and judgment granted in favor of appellant.

. Section 2 of the Election Law defines a “party” as “any political organization which at the last preceding election for governor polled at least fifty thousand votes for governor."

. An “independent body” is defined as “any organization or group of voters which, by independent certificate, nominates a candidate or candidates for office to be voted for at an election at which official ballots are used, and which is not a party as herein provided.”

. Appellants are Republican candidates for the following offices:
Carl E. Touhey — Mayor of the City of Albany.
A. Lynne Graburn — Member of Albany County Legislature — 7th District.
James P. Paughnan, Jr. — Member of Albany County Legislature — 15th District.
Betty Gross — Member of the Board of Aldermen, City of Albany — 15th Ward.